### TOURTELOT v. STOLTEBEN.

(Circuit Court, N. D. Iowa, E. D.   May 5, 1900.)

1. NATIONAL BANKS—SUIT TO RECOVER ASSESSMENT—LIABILITY OF PLEDGEE.

In an action by the receiver of a national bank to recover an assessment from the defendant as a stockholder, where it is admitted or proved that defendant is in fact merely a pledgee of the stock, the burden rests upon the plaintiff to show that defendant, by reason of having knowingly permitted the stock to stand in his name as owner upon the books of the bank, is estopped to deny such ownership as against its creditors.

2. SAME—EVIDENCE—BOOKS OF BANK.

Where, in an action by the receiver of a national bank to recover an assessment from one in whose name a certificate of stock had been issued, but who it was shown held the same only as trustee to secure an unpaid indebtedness from the actual owner of the stock to a third person, the plaintiff did not produce in evidence the list of stockholders required by Rev. St. § 5210, to be kept by the bank, or show whether or not such list was in fact kept, but relied solely on the stock certificate book,·all persons must be held to have been chargeable with notice of all the facts in regard to such stock therein shown; and, conceding that defendant's liability could be established by such book alone, without producing or accounting for the list of stockholders, it is insufficient to create an estoppel which would prevent him from showing the facts where it appears therefrom that the stock was transferred to him by one to whom the previous certificate had been issued as pledgee.

Action at law by the receiver of a national bank to recover an assessment from defendant as a stockholder. A jury trial was waived, and the case submitted to the court on the pleadings and a stipulation of facts.

#### Findings of Fact.

(1) From the admitted allegations of facts in the pleadings the court finds that the plaintiff, Elie C. Tourtelot, was, on the 3d day of August, 1896, duly

appointed by the comptroller of the currency the receiver of the Grand Forks National Bank, of Grand Forks, N. D.; that the named bank had been duly incorporated and organized as a national bank under the statutes of the United States, with a capital stock of $200,000; that on the 28th day of April, 1896, the bank, being then insolvent, was put into liquidation by direction of the comptroller of the currency; that on the 14th day of June, 1897, the comptroller, finding it necessary so to do, ordered and levied an assessment of 100 per cent. upon the capital stock of said bank, and authorized the receiver to enforce the collection thereof if not voluntarily paid by the stockholders on or before the 14th day of July, 1897; that the present action was brought on the 22d day of March, 1899, against the defendant, William H. Stolteben, to recover the assessment upon 50 shares of stock of $100 each, it being claimed that the defendant was the owner of the named number of shares of stock in the insolvent bank, and therefore was liable for the assessment levied thereon by the comptroller of the currency, which the defendant refuses to pay on the ground that he is not, and never has been, the owner of any shares of the capital stock in said bank in such sense as to be made liable for the assessment ordered by the comptroller.

(2) The court further finds that the parties hereto, by a writing duly signed, stipulated the facts touching the ownership of stock in the insolvent bank by the defendant to be as follows, and the court finds the facts to be as stipulated, to wit: That on or about June 29, 1892, the said Grand Forks National Bank issued to one George B. Clifford, a certificate (No. 579) for 50 shares of its capital stock of the par value of $100 per share, as appears by one of the books of the bank (hereafter called the "stock certificate book"), which book contained originally the blank certificates of stock and stubs thereto, with certain subsequent memoranda thereon as to the issuance and return and cancellation of the stock, which stock issued to Clifford has never been sold, assigned, or transferred otherwise than as may appear from the facts hereinafter stated. That the memoranda on the stub of said certificate to Clifford show that certificate No. 579 for 50 shares was issued June 29, 1892, to George B. Clifford. That on June 22, 1893, the said George B. Clifford solely, as collateral security for a loan then made and still unpaid, transferred said certificate No. 579 to one George A. Burden by assignment on the back thereof, and said certificate so assigned was returned to said Grand Forks National Bank, and now appears pasted to its stub in said stock certificate book, and on such stub, in addition to the memoranda above given, there appear the further memoranda: "Returned and canceled June 22, 1893, & Ctf. 657 issued." And on the face of said original certificate No. 579 there is stamped the following: "Canceled by order of the board of directors Nov. 6, 1893, and certificate No. 657 issued in lieu thereof." That said certificate of stock No. 657 for 50 shares, bearing date June 22, 1893, was so issued to said George A. Burden, and the memoranda on the stub thereof in said stock certificate book state that certificate No. 657 for 50 shares, of date June 22, 1893, has been issued to George A. Burden, "as collateral to George B. Clifford's indebtedness, issued in lieu of Ctf. No. 579." That on or about December 11, 1893, the said George A. Burden, while still so holding said stock as collateral as aforesaid, transferred said certificate to the defendant William H. Stolteben by assignment on the back thereof, and said certificate so assigned was returned to said bank, and now appears pasted to its stub in said stock certificate book, and on such stub, in addition to the memoranda above given, there appear the further memoranda, "Returned and canceled Dec. 14, 1893, & Ctf. 670 issued;" and on the face of said original certificate No. 657 there is stamped the following: "Canceled by order of the board of directors Feb'y 28, 1894, and certificate No. 670 issued in lieu thereof." That said certificate of stock No. 670 for 50 shares, bearing date the 14th day of December, 1893, was so issued to said William H. Stolteben, and the sole memoranda on the stub thereof state that certificate No. 670 for 50 shares of date December 14, 1893, has been issued to William H. Stolteben, and that it was "issued in lieu of Ctf. No. 657." That said transaction by which said certificate to Burden was assigned, and a certificate in lieu thereof was issued to defendant, Stolteben, was wholly without consideration given or received by the parties thereto, but was done with said Clifford's and said Stolteben's consent, and simply as a matter of convenience, for the

sole purpose of enabling said Stolteben, instead of said Burden, to hold the same as collateral security for the said indebtedness of Clifford.

Henderson, Hurd, Lenehan & Kiesel, for plaintiff.
Powers, Lacy & Brown, for defendant.

SHIRAS, District Judge. In the case of Pauly v. Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, 41 L. Ed. 844, the supreme court reviewed the previous decisions of that court upon the question of who can be deemed to be owners of stock in national banks in such sense that they may be held liable for assessments imposed by the comptroller under the provisions of section 5151, Rev. St., and deduced therefrom the following rules:

"That the real owner of the shares of the capital stock of a national banking association may, in every case, be treated as a shareholder within the meaning of section 5151." "That if the owner transfers his shares to another person as collateral security for a debt due to the latter from such owner, and if, by the direction or with the knowledge of the pledgee, the shares are placed on the books of the association in such way as to imply that the pledgee is the real owner, then the pledgee may be treated as a shareholder within the meaning of section 5151 of the Revised Statutes of the United States, and therefore liable upon the basis of that section for the contracts, debts, and engagements of the association."

The facts stipulated in this case show clearly that the 50 shares of stock now represented by certificate No. 670 are the property of George B. Clifford, and that he, as the actual owner thereof, is liable for the assessment levied by the comptroller under the first of the rules just cited from the decision of the supreme court in Pauly v. Trust Co. It no less clearly appears that the defendant is not now, and never has been, the actual owner of these shares of stock, nor has he had any interest therein even as a creditor. He holds the stock as a trustee and as collateral security for the indebtedness due from Clifford, the actual owner of the shares, to George A. Burden. Under these circumstances, to hold him liable he must be brought within the rule laid down in Pauly v. Trust Co. in the following language:

"It is true that one who does not in fact invest his money in such shares, but who, although receiving them simply as collateral security for debts or obligations, holds himself out on the books of the association as true owner, may be treated as the owner, and therefore liable to assessment, when the association becomes insolvent and goes into the hands of a receiver. But this is upon the ground that, by allowing his name to appear upon the stock list as owner, he represents that he is such owner; and he will not be permitted, after the bank fails, and when an assessment is made, to assume any other position as against creditors."

In other words, the liability of the defendant, if it exists, is because he knowingly permitted himself to appear upon the books of the bank to be the real owner of the shares of stock, and to now permit him to aver the truth—i. e. that in fact he is not the owner—would work a fraud upon the creditors of the insolvent association. In cases of this nature the estoppel is based upon the fact that the person sought to be held liable has been derelict in his duty, in that he has caused or allowed his name to be carried on the books of the bank as an owner of stock therein, whereas in fact he was not such

owner. To recover, therefore, in this case, the burden is upon the receiver, representing the creditors, of proving that the defendant has been derelict in the particular named, for, unless that be shown, there is no ground upon which to base an estoppel as against the defendant. The query is, therefore, whether the plaintiff has proven that the defendant, with his knowledge, appears upon the books of the bank to be the owner in fact of the 50 shares of capital stock represented by stock certificate No. 670, and the first question to be considered is, what is meant by the books of the bank? In section 5210 of the Revised Statutes it is provided that:

"The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association."

The evidence in this case is wholly silent with respect to what is shown upon the stock list of the Grand Forks National Bank, and it is strongly contended on behalf of defendant that this is the only book to which reference can be made in determining who are to be deemed to be stockholders in the association. It certainly must be true that if, upon the list of the Grand Forks Bank, it is shown that Clifford, and not the defendant, is the owner of the shares of stock represented by certificate No. 670, then liability as owner cannot be imposed upon the defendant by showing entries made upon other books of the bank in conflict therewith; but it does not necessarily follow that liability may not be incurred by one whose name does not appear upon the stock list required to be kept by section 5210. Thus, in a given case, it might appear that through the negligence of the bank officials no stock list had been kept, or only a partial list had been made out, and which contained no reference to the particular shares of stock in controversy. Under these circumstances, if the other books of the bank, such as the transfer book or stock register, should clearly show that the party sought to be held had permitted his name to appear as a stockholder in fact, he might be held liable, under the rule stated in Pauly v. Trust Co., supra, that "those may be treated as shareholders, within the meaning of section 5151, who are the real owners of the stock, or who hold themselves out, or allow themselves to be held out, as owners in such way and under such circumstances as, upon principles of fair dealing, will estop them, as against creditors, from claiming that they were not, in fact, owners." But the failure to prove what the stock list does show with reference to the shares of stock in question must have weight in deciding the issues in this case. The evidence is wholly silent upon this matter. In the absence of evidence, the court cannot presume that there is in fact no stock list showing the shareholders in the Grand Forks Bank. On the contrary as the duty to keep a proper stock list is one imposed by the statute upon the president and cashier of the association, the presumption would be that the list was kept as required by the statute. Presumably, the books and papers of the insolvent bank are under the control of the receiver. He has not chosen to inform the court as to the contents of the stock list. For aught the court knows,

there may be such a stock list, and that upon its face the truth is stated, to wit, that George B. Clifford is the actual owner of the stock, and that the defendant has no interest therein. Under these circumstances the rule might be invoked that when a party has under his control material evidence upon a question in dispute, and he fails to produce it, the presumption is that, if produced, it would be against his contention. Instead of producing the stock list, or accounting for its absence, the receiver places his right of recovery upon the matters shown upon the stock certificate book. It will be kept in mind that the real contention of the receiver is that upon the face of this book it is made to appear that the defendant is the owner in fact of the shares of stock represented by the stock certificate No. 670. What, then, is made to appear by the entries on this book touching the ownership of these shares of stock? The first entry shows that the original certificate, No. 579, was issued, under date of June 29, 1892, to George B. Clifford, thus causing him to appear to be, what he in fact was, the full and actual owner of the 50 shares of stock represented by the certificate then issued to him. The next entry, under date of June 22, 1893, shows that this certificate was taken up, and a new certificate, No. 657, was issued in place of it to George A. Burden, the entry on the stub showing that the transfer to Burden was as security only for the indebtedness due to Burden from Clifford. The effect of this entry on the stock register showed that Clifford continued to be the actual owner of the 50 shares of stock, and that Burden held the same as collateral security for the debt due him; or, in other words, his title was that of pledgee only, and as such pledgee Burden could not be held liable for an assessment levied under the provisions of section 5151 of the Revised Statutes, that fact appearing on the face of the register. Pauly v. Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, 4 L. Ed. 844. The next entry is under date of December 14, 1893, showing that certificate No. 657, issued to George A. Burden as collateral security, was assigned by Burden to the defendant, and a new certificate, No. 670, was issued to the defendant in lieu of that assigned to him by Burden, the record on the stub in the stock register showing that certificate 670 was issued in lieu of No. 657, which was returned to the bank, and pasted onto the proper stub in the register; thus causing the register to show that the defendant derived his title only from Burden, who was not the owner of the shares, but only the pledgee thereof. The register, therefore, on its face showed just what the truth is,—that Clifford, since June 29, 1892, has been, and is now, the owner in fact of the 50 shares of stock in question; that the title and interest conveyed to Burden was that of a pledgee only, and that the only title held by the defendant is that derived from Burden. It is, however, contended on behalf of the receiver that the creditors were not required to look beyond the single entry on the register which shows that a certificate for 50 shares of stock had been issued to the defendant, and that this entry justified them in assuming that the defendant was in fact the owner of the 50 shares represented by the certificate then issued. If the entry relied on was part of the stock list required to be kept by the provisions of section 5210, it might

well be that the creditors would not be required to look further than to the bare entry on that list, but that is not the fact in the present case. It is now urged that the court shall hold that the creditors, ignoring what may appear on the stock list, can hold the defendant bound as a stockholder because the stock register shows that he is a shareholder; and it is not held that this may not be done, but it is held that the rights of the parties are to be determined by what fairly appears on the stock register, and the inquiry is not to be limited to the effect of a single entry thereon, when that entry, by its terms, shows that it has a connection with and relation to another and preceding entry. The theory on which the claim of the receiver is based is that the parties dealing with the Grand Forks National Bank had the right to assume that all persons whom the stock certificate register showed to be owners of shares were in fact stockholders within the meaning of section 5151 of the Revised Statutes. If, however, this book is to be taken as a criterion for determining who are stockholders in the association, it must be taken as a whole; that is to say, in determining from its contents who are stockholders, all entries throwing light upon the ownership of particular shares must be taken into account. The entry relied on by the receiver simply recites that certificate No. 670 was issued to the defendant in lieu of certificate No. 657. This entry does not recite that certificate 670 was issued to defendant as the owner of the stock. The entry is silent upon the character of the certificate issued to defendant, except that it recites that it is issued in lieu of certificate No. 657. This was sufficient to challenge the examination of certificate 657 on part of any one who should examine the stock register for the purpose of ascertaining who in fact were shareholders in the association, and that examination would have disclosed the fact that the only title to the stock held by the defendant was that derived from Burden, who was not the owner, but only a pledgee. Under these circumstances it must be held that the evidence fails to show that the defendant permitted his name to appear as the actual owner of the stock upon the books of the bank in such a manner as to render him liable to creditors under the rule laid down in Pauly v. Trust Co., supra, and therefore judgment must be for the defendant.